## MARVIN R. CAUBLE v. ROBERT HILL.

(Filed 2 May 1962.)

APPEAL by plaintiff from *Gambill, J.,* October 1961 Term of ROWAN.

This action was begun 8 September 1960. The complaint alleges defendant, on 16 December 1959, negligently backed his Chevrolet station wagon into plaintiff's 1949 Cadillac automobile. The collision occurred on a parking lot when defendant, moving from a parked position, backed into plaintiff's automobile traveling on the parking lot. He alleges property damage and personal injuries resulting from the collision. He seeks to recover $500 for damages to his automobile and $50,000 for personal injuries and medical expenses incurred.

Defendant, by answer, admitted the collision was caused by his negligence. He also admitted: ". . . the plaintiff's automobile was slightly damaged as a result of the collision . . ." He specifically denied plaintiff's allegation with respect to personal injury.

The court submitted one issue to the jury which was answered as follows: "What damage, if any, has the plaintiff suffered as the proximate result of the negligence of the defendant (a) For personal injuries? Answer: 'None' (b) For property damages? Answer: $229.00" Plaintiff moved to set the verdict aside. The court denied the motion and entered judgment that plaintiff recover from defendant the sum of $229.00 with interest from 25 October 1961 and costs. Plaintiff appealed.

*George R. Uzzell and Robert M. Davis for plaintiff appellant.*
*Linn & Linn by Stahle Linn, Jr. for defendant appellee.*

PER CURIAM. Plaintiff was fifty-six years old when the collision occurred. He had been retired by his employer because of a heart attack sustained in 1955. He was drawing retirement benefits. He received a disability discharge from service for injury to his right foot. He was earning $25 to $30 per month prior to the collision.

He testified when his car "was struck by the automobile of the defendant, my car was knocked over to the left approximately seven inches and the bottom part of my body followed. The top part of my body more or less stood still. When the car came back in place it hit me on the left shoulder, knocking me the other way and gave me a twist." He then described the pain and suffering he experienced beginning immediately following the collision, increasing in intensity, necessitating numerous treatments by physicians, reducing to zero his already impaired earning capacity. He testified that he had asked

for an estimate of the damage to his car and received an estimate of $229.00.

Dr. Carr, one of the doctors who treated plaintiff, testified to plaintiff's physical condition including his heart trouble and the trouble with his spine. His testimony was to the effect that plaintiff's condition at the time of trial could be due to an injury sustained in the collision or to the earlier injury sustained by plaintiff.

Defendant, testifying about the force of the collision, said the only injury to his car was a broken tail light. He described the injury to plaintiff's car and exhibited a photograph to show a mere scratch of the paint on the right side.

The case presents no legal problem, merely a question of fact. Did defendant, by negligently backing into plaintiff's car, inflict personal injuries on plaintiff?

The court gave full and accurate instructions on this question. He was impartial in stating the contentions of the parties. At the conclusion of the charge he inquired if either party desired further instructions. Neither party responded.

The exceptions and assignments of error do not present any question justifying discussion. The jury, in performing its duty, determined the facts contrary to plaintiff's contention.

No error.